IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELA BLACKMON, § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No._____ |
| § | |
| MADERA RESIDENTIAL COMPANIES § | |
| Defendant. § | JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

**I. INTRODUCTION**

1. Plaintiff Angela Blackmon ("Plaintiff"), a 57-year-old Black American female, brings this action against Madera Residential Companies, specifically Marcella Memorial Heights ("Defendant"), for employment discrimination based on age, disability, and race/color in violation of the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and Title VII of the Civil Rights Act of 1964.

**II. JURISDICTION AND VENUE**

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. This action seeks relief under the ADEA, ADA, and Title VII.

3. Venue is proper in this district under 28 U.S.C. § 1391 because the Defendant resides in this district and the acts giving rise to this claim occurred within this district.

**III. PARTIES**

4. Plaintiff, Angela Blackmon, is a resident of Sugar Land, Texas and was an employee of the Defendant from April 24, 2023, until her wrongful termination on August 25, 2023.

5. Defendant, Madera Residential Companies is a business entity with its principal place of business in Lubbock, Texas at 5214 68th St. Ste 402, and Plaintiff was specifically employed at Marcella Memorial Heights in Houston, Texas for Defendant.

## IV. ADMINISTRATIVE PROCEDURES

6. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging discrimination based on age, disability, and race/color. The charge number is 453-2024-00128.

7. The EEOC issued a Notice of Right to Sue to Plaintiff, confirming that she had exhausted her administrative remedies and was entitled to pursue her claims in federal court.

8. This Complaint is being filed within 90 days of receipt of the Notice of Right to Sue from the EEOC, adhering to the statutory requirements for timely filing.

## V. FACTUAL ALLEGATIONS

9. **Hiring and Initial Employment:**

Plaintiff Angela Blackmon was hired on April 24, 2023, by Jennifer Green via a Zoom call. Ms. Green, who was on maternity leave at the time, later faced termination.

10. **Workplace Safety and Discriminatory Incidents:**

Shortly after her commencement of employment, Plaintiff was injured on May 24, 2023, due to a collapsing heavy door at the workplace. Despite crying out for help, her colleagues Meggan and Maya reacted with laughter, and Meggan blamed Plaintiff, exacerbating the hostile environment.

11. **Requests for Accommodation Ignored:**

Post-injury, Plaintiff requested reasonable accommodations to continue performing her job effectively. Despite presenting medical documentation, her requests were ignored, and she was instead subjected to unwarranted disciplinary actions, highlighting a disregard for her disability needs.

12. **Age and Racial Discrimination:**

Throughout her tenure, Plaintiff, a 57-year-old Black American female, faced continuous age-related comments suggesting that opportunities should be reserved for younger employees for their "professional growth." Additionally, Plaintiff endured racially charged remarks and differential treatment based on her skin color, which were not only derogatory but also impacted her work assignments and promotional opportunities.

13. **Retaliation After Reporting Discriminatory Practices:**

After reporting these discriminatory practices and safety concerns to HR and management, Plaintiff experienced increased hostility. This culminated in her wrongful termination on August 25, 2023, immediately after she sought to discuss these issues with upper management, highlighting a retaliatory motive.

14. **Physical and Emotional Impact:**

The cumulative effect of the discrimination, lack of accommodation, and subsequent wrongful termination has caused severe emotional distress and physical pain to Plaintiff, significantly impacting her career, health, and well-being.

**VI. CAUSES OF ACTION**

**15. Age Discrimination (ADEA)**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

**29 U.S.C. §§ 621-634**: Prohibits employment discrimination against persons 40 years of age or older.

"It shall be unlawful for an employer... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age..." (29 U.S.C. § 623).

Plaintiff, Angela Blackmon, aged 57 at the time of her termination, was systematically treated less favorably than her younger counterparts. This discrimination was evident when Plaintiff was consistently overlooked for task assignments and denied access to training opportunities critical for her role, whereas younger employees with less experience were provided with these opportunities.

On several occasions, notably in discussions held in June and July 2023, Plaintiff's requests for involvement in key projects were dismissed, with indications that younger employees needed these opportunities for their 'professional growth,' implying age was a factor in the decision-making process.

Such practices by Defendant not only violated the Age Discrimination in Employment Act of 1967 (ADEA), as amended, which prohibits discrimination against persons 40 years of age or older but also demonstrated a systemic preference for younger employees in promotions, benefits, and other employment-related decisions.

16. **Disability Discrimination (ADA)**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

**42 U.S.C. §§ 12101-12213**: Requires reasonable accommodation for employees with disabilities and prohibits discrimination against individuals with disabilities.

"No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." (42 U.S.C. § 12112).

Following an injury sustained on May 24, 2023, when a heavy door collapsed on Plaintiff at work, the Defendant's management began to treat Plaintiff as though she were disabled. Despite medical documentation stating her capability to continue work with reasonable accommodations, such as modified duties and physical adjustments to her workspace, these accommodations were not provided.

Plaintiff was instead subjected to unwarranted disciplinary actions post-injury, including written warnings for performance issues directly related to her unaddressed medical needs, clearly distinguishing her treatment from that of other employees without disabilities.

Defendant's failure to accommodate Plaintiff's medical condition and the subsequent punitive measures taken against her constitute clear violations of the Americans with Disabilities Act of 1990 (ADA), which mandates that employers provide reasonable accommodations to employees with disabilities.

17. Racial Discrimination (Title VII)

**42 U.S.C. §§ 2000e-2000e-17**: Prohibits employment discrimination based on race, color, religion, sex, or national origin. Plaintiff re-alleges and incorporates by reference all preceding pa "It shall be an unlawful employment practice for an employer... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin..." (42 U.S.C. § 2000e-2).

Throughout her employment, Plaintiff, a Black American female, was subjected to ongoing derogatory comments and jokes about her race and skin color from her supervisors and coworkers. This discriminatory behavior culminated with a direct statement made by her supervisor in August 2023, explicitly referencing Plaintiff's skin color as a factor in her termination.

Additionally, Plaintiff was consistently subjected to differential treatment compared to her non-Black colleagues in terms of disciplinary actions, workload assignments, and denial of participation in client-facing activities, which are crucial for career advancement within the company.

These actions by Defendant create an intimidating, hostile, and abusive working environment, constituting unlawful employment practices under Title VII of the Civil Rights Act of 1964, which prohibits discrimination on the basis of race and color.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Angela Blackmon respectfully requests that this Court enter judgment in her favor and grant her the following relief:

Back Pay: Award Plaintiff back pay for lost wages and benefits from the date of her wrongful termination until the date of judgment, including interest.

Front Pay: Award Plaintiff front pay for future lost wages and benefits from the date of judgment forward, in lieu of reinstatement, for a reasonable period as determined by the Court.

Award compensatory damages to Plaintiff for emotional distress, pain and suffering, mental anguish, inconvenience, and loss of enjoyment of life resulting from Defendant's unlawful discrimination and retaliation in violation of the ADA and Title VII.

Award Plaintiff liquidated damages equal to the amount of back pay under the ADEA, as the Defendant's conduct was willful and in reckless disregard of Plaintiff's rights under the ADEA.

Award punitive damages to Plaintiff under Title VII and the ADA, as Defendant's discriminatory practices were conducted with malice or reckless indifference to Plaintiff's federally protected rights.

Issue an injunction requiring Defendant to reinstate Plaintiff to her former position or an equivalent position, or, if reinstatement is not feasible, to award front pay as described above.

Issue an injunction requiring Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and prohibit discrimination, harassment, and retaliation.

Award Plaintiff reasonable attorney's fees, expert witness fees, and other costs of this action, pursuant to the ADEA, ADA, and Title VII.

Award Plaintiff prejudgment and post-judgment interest on all amounts recovered as allowed by law.

Grant such other and further relief as this Court deems just and proper.

**VIII. DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable of right to a jury.

Respectfully submitted,

The Law Office of Joshua Booker

/s/ Joshua L Booker
Joshua L Booker

Attorney for Angela Blackmon

Texas Bar No. 24082706

3050 Post Oak Blvd, Ste. 510

Houston, TX 77056

Office Phone: (713) 832-0607

Fax: (713) 832-0611

jbooker@jbookerlaw.com